USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2019

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

---

TOWN & COUNTRY LINEN CORP.; and
TOWN & COUNTRY HOLDINGS, INC.

              *Plaintiffs*,

v.

INGENIOUS DESIGNS LLC; JOY
MANGANO; and HSN, INC.,

              *Defendants*.

**Civil Action No. 18-cv-5075-LGS**

**Hon. Lorna G. Schofield**

---

~~THIRD~~ ~~FOURTH~~ ~~FIFTH~~ SIXTH
~~SECOND~~ AMENDED **JOINT [PROPOSED] PATENT CIVIL CASE**
**MANAGEMENT PLAN AND SCHEDULING ORDER**

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3), the Southern District of New York Local Patent Rules, and *Dkt.* 19:

      1.     All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

      2.     The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

      3.     This case involves a design patent, and to the extent applicable to a design patent, this case is subject to the Local Patent Rules and the Court's Individual Rules, and the parties' proposed dates in this order have been adjusted accordingly.

      4.     Alternative Dispute Resolution/Settlement

           a.   Settlement discussions have not taken place.

           b.   Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

1

**Not applicable due to proposed timing of proposed mediation.**

    c.   Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

**Not applicable due to proposed timing of proposed mediation.  As the case progresses, the parties will revisit the issue.**

    d.   Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**After resolution of Defendants' motion to dismiss and after the close of fact discovery.**

    **e.   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.    No additional parties may be joined after **September 28, 2018** without leave of Court.

6.    Amended pleadings may be filed without leave of Court until **February 28, 2019**.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **July 31, 2018**.

8.    Design Patent

a.  Any party claiming infringement shall complete its disclosure of asserted claims, infringement contentions, and other items required by Local Patent Rules 3-1 and 3-2 of the Eastern District of Texas ("Texas Rules") no later than **September 10, 2018**.

b.  Any party opposing a claim of patent infringement shall complete its invalidity contentions (per SDNY Rule 7) and shall comply with the provisions Texas Rules 3-3 and 3-4 by **October 25, 2018**.

c.  By **November 1, 2018**, the parties shall meet and confer about whether claim construction is necessary. Unless all parties agree otherwise, claim construction will proceed as follows:

    i.  The parties shall exchange proposed terms of claim elements for construction as required by Texas Rule 4-1 by **November 19, 2018**.

    ii.  The parties shall exchange preliminary claim construction and extrinsic evidence as required by Texas Rule 4-2 by **December 10, 2018**.

    iii.  The parties shall submit a joint claim construction and prehearing statement as required by Texas Rule 4-3 by **January 9, 2019**.

    iv.  The parties shall complete all discovery related to claim construction, including any depositions with respect to claim construction of any witness, such as experts identified in the joint claim construction and prehearing statement, as required by Texas Rule 4-4 by **February 8, 2019**.

    v.  The parties shall appear for a case management conference on ~~February 15, 2019~~ 2/14/19 at  11:00 a.m.  .

    vi.  ~~The party asserting infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall file an opening claim construction brief and all supporting evidence and testimony by March 11, 2019. The opposing party shall file a response to the opening claim construction~~

~~brief and all supporting evidence and testimony by **April 10, 2019**. The opening party shall file a reply solely rebutting the opposing party's response by **April 17, 2019**. These submissions shall be submitted in accordance with the page limitations provided in the Court's Individual Rule II.B.1.~~

vii.   ~~The parties shall jointly file a claim construction chart as provided in Texas Rule 4-5(d) and its subparts by **April 22, 2019**.~~

viii.  ~~The parties shall appear for a claim construction hearing on **May 2, 2019** at 11:00 a.m.~~

d. Pursuant to SDNY Rule 10, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, must produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production by **March 11, 2019**, ~~but if a claim construction is requested, 30 days from the Court's claim construction order.~~

e. The producing party shall serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work-product protection.

9.   Fact Discovery

a. All fact discovery shall be completed no later than December 6, 2019 ~~November 26, 2019~~ ~~November 1, 2019~~ ~~May 17, 2019~~

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **August 3, 2018**.

    c.  Responsive documents shall be produced by **October 2, 2018**.  The parties anticipate e-discovery.

    d.  Interrogatories pursuant to <u>Fed. R. Civ. P. 33</u> shall be served by **March 15, 2019**.

    e.  Depositions pursuant to <u>Fed. R. Civ. P. 30</u>, <u>31</u> shall be completed by **May 17, 2019**.

    f.  Requests to admit pursuant to <u>Fed. R. Civ. P. 36</u> shall be served by **March 15, 2019**.

    g.  **<u>Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 9(a).</u>**

10.    Expert Discovery

    a.  Anticipated types of experts if any:

        i.  Plaintiffs' anticipated experts: damages expert, licensing expert, technical expert relating to Plaintiffs' trade secret and confidential information, and technical experts relating to patent and copyright infringement

        ii.  Defendants' anticipated experts: damages experts; technical experts; any necessary rebuttal experts.

    b.  If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~August 21, 2019~~ ~~November 20, 2019~~ ~~January 10, 2020~~ ~~January 31, 2020~~ February 7, 2020

    c.  By **April 17, 2019** the parties shall meet and confer on a schedule for

5

expert disclosures, including reports, production of underlying documents

and depositions, provided that (i) expert report(s) of the party with the

burden of proof shall be due before those of the opposing party's

expert(s); and (ii) all expert discovery shall be completed by the date set

forth in paragraph 10(b).

11.    This case is to be tried by a jury.

12.    Counsel for the parties have conferred and their present best estimate of the length

of trial is 10-15 trial days.

13.    Other issues to be addressed at the Initial Pretrial Conference, including those set

forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    a.    Document preservation/ESI order

14.    Status Letters and Conferences

    a.    By **September 24, 2018**, the parties shall submit a joint status letter, as

       outlined in Individual Rule IV.A.2.

    b.    By ~~May 31, 2019~~ [December 20, 2019], the parties shall submit a joint status letter, as outlined

       in Individual Rule IV.A.2 and, in the event that they have not already been

       referred for settlement discussions, shall also advise the Court whether or

       not they request a referral for settlement discussions as provided in

       Paragraph 4(c) above.

    c.    On ~~9/5/19~~ [February 27, 2020] ~~at 11:00 A.M.~~ [at 10:40 a.m.], a pre-motion conference will be

       held for any anticipated dispositive motions, provided:

         i.    A party wishing to file a summary judgment or other dispositive

           motion shall file a pre-motion letter at least two weeks before the

conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

ii.  If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parities will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

d.     Defendants shall file their pre-motion letter in support of their proposed motion to dismiss by August 1, 2018. Plaintiffs shall file a letter by August 3, 2018, indicating whether they seek to amend their complaint and, if so, proposing a deadline to do so.  If Plaintiffs instead seek to oppose the motion to dismiss, they shall file a substantive response to Defendants' pre-motion letter by August 24, 2018.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 9(a), 10(b)-(c) and 14(a)-(c) into the Court's calendar.

**IT IS SO ORDERED.**

Dated:  November 12, 2019
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

Robert Isackson (RI 4303)          Carrie A. Longstaff
Lauren Sabol (LS 2136)             BAKER & HOSTETLER LLP
LEASON ELLIS LLP                   45 Rockefeller Plaza
One Barker Avenue, Fifth Floor     New York, New York 10111
White Plains, New York 10601       Phone: (212) 589-4200
Phone: (914) 288-0022              Fax: (212) 589-4201

7

Fax: (914) 288-0023                          Email: clongstaff@bakerlaw.com
Email: isackson@leasonellis.com
Email: sabol@leasonellis.com                 *Attorneys for Defendants*

*Attorneys for Plaintiffs*