UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                      :

TOWN & COUNTRY LINEN CORP., et al.,     :
                                 Plaintiffs,   :
                                        :

            -against-                :
                                        :

INGENIOUS DESIGNS LLC, et al.,         :
                               Defendants. :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/02/2020

18 Civ. 5075 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on January 6, 2020, an Order was issued granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"), stating that an opinion would follow separately (Dkt. No. 121).  In relevant part, the Order dismissed Count V of the SAC, a claim of misappropriation of ideas under New York Common Law;

        WHEREAS, on January 29, 2020, an Opinion and Order (the "Opinion") was issued further explaining the Order;

        WHEREAS, on February 7, 2020, Plaintiffs filed a motion for reconsideration asking the Court to reconsider its dismissal of Count V as to the Aramid Fiber Luggage Project ideas (Dkt. No. 132);

        WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  The

standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, Plaintiffs have made a sufficient showing of error to warrant reconsideration. The Opinion should have further considered two relevant factors -- specificity and commercial availability. *See Nadel v. Play-By-Play Toys & Novelties, Inc.,* 208 F.3d 368, 378 (2d Cir. 2000) ("[t]he determination of whether an idea is original or novel depends upon several factors, including, inter alia, the idea's specificity or generality (is it a generic concept or one of specific application?), its commonality (how many people know of this idea?), its uniqueness (how different is this idea from generally known ideas?), and its commercial availability (how widespread is the idea's use in the industry?)").

The SAC alleges the specificity of Plaintiffs' ideas: "[t]o make an Oxford fabric weave that is woven with aramid fibers only in the weft for luggage-type products . . . [with] a specific application of between 1.7% and 10% of aramid fibers in an Oxford weave fabric . . . in a weaving pattern having aramid fibers spaced apart by about one-half inch . . . ." The SAC further alleges that the at-issue ideas were "concrete in that they were implemented in working prototypes" and that Plaintiffs developed a "proprietary weaving pattern." Finally, the SAC alleges that the fabric incorporating the ideas "was neither commercially available nor off-the-shelf" and that "Plaintiffs' team spent months working with their weaver vendors to develop and test a woven fabric." In combination, accepting "all factual allegations in the complaint . . . as true" and drawing "all inferences in [Plaintiffs'] favor", these allegations are sufficient to preclude dismissal of Count V as to the Aramid Fiber Luggage Project ideas on the ground that

the identified patents were sufficiently similar to Plaintiffs' ideas to establish lack of novelty

where the patents' descriptions did not reflect the specifics of Plaintiffs' ideas, nor were they

evidence that such products were commercially available prior to the alleged misappropriation.

*Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016); *cf. Nadel*, 208 F.3d at

381 ("Drawing all factual inferences in Nadel's favor, we cannot conclude as a matter of law that

the upright, sound-emitting, spinning plush Giggle Bunny shown in the video exhibit was

commercially available prior to October 1996, and we certainly cannot conclude based on this

one exhibit that similar toys were in the public domain at that time."); *Triboro Quilt Mfg. Corp. v.*

*Luve LLC*, 2014 WL 1508606, at *9 (S.D.N.Y. 2014) (denying a motion for summary judgment

as to a misappropriation claim based in part on evidence suggesting a lack of commercial

availability of the products featuring the disputed idea).  It is hereby

      **ORDERED** that Plaintiffs' motion for reconsideration is GRANTED.  The dismissal of

Count V is vacated as to the claim of misappropriation of ideas relating to the Aramid Fiber

Luggage Project.

      The Clerk of Court is respectfully requested to close the motion at Dkt. No. 132 and to

reinstate the reassignment of this case to Judge Lewis J. Liman.

Dated: March 2, 2020
     New York, New York


LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3