USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
TOWN & COUNTRY LINEN CORP. and TOWN & :
COUNTRY HOLDINGS, INC., :
:
                           Plaintiffs, :         18-cv-5075 (LJL)
:
                        -v- :         ORDER
:
INGENIOUS DESIGNS LLC, et al., :
:
                        Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    On March 27, 2020, Plaintiffs submitted a letter motion to seal certain exhibits to their forthcoming motion to dismiss and/or strike Defendants' amended answer. Dkt. No. 151. In particular, Plaintiffs move to seal seven exhibits containing excerpts of objections and answers to interrogatories and three exhibits containing deposition excerpts. These exhibits were designated confidential or highly confidential by Defendants and/or third parties.

    The Court is not convinced that these exhibits should be sealed in full. Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be consistent with the presumption in favor of public access to judicial documents. The parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not by itself a valid basis to overcome the presumption.

    There are several pages in the exhibits where no countervailing privacy interest exists to justify their sealing. For example, pages 1, 33-34, 43-48 of Exhibit 5 contain generic responses to interrogatories, case law citations and pure legal arguments, and quotes from public filings,

patents, and published patent applications.  Similarly, pages 1, 9-14, 23-33 of Exhibit 8 contain mostly legal citations and arguments.  Nor should signature pages and certificates of service be filed under seal.  And the Court is doubtful that the deposition exhibits contain any redactable language at all.

Instead, where an exhibit contains information that would qualify as a countervailing factor under *Lugosch*, such as discussion of a particular trade secret, the parties can propose redactions of those portions of the exhibit without filing the entire exhibit under seal.

It is hereby ORDERED that the parties are directed to refile the exhibits with proposed redactions pursuant to Rule 2(G) of this Court's Individual Practices in Civil Cases.  The parties shall file a new letter motion that also explains the reasons for seeking to file the exhibits in redacted form—beyond stating merely that the exhibit was designated confidential—and it should not include confidential information.

The Clerk of Court is respectfully directed to close the letter motion at Dkt. No. 151.

SO ORDERED.

Dated: March 30, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge