# BakerHostetler

Baker&Hostetler LLP

312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

T 513.929.3400
F 513.929.0303
www.bakerlaw.com

Kevin W. Kirsch
direct dial: 513.929.3499
kkirsch@bakerlaw.com

August 26, 2020

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St.
New York, New York 10007

Re:   *Town & Country Linen Corp., et al. v. Ingenious Designs LLC, et al.*,
Civil Action No. 18-cv-5075-LGS – Defendants' Opposition to Plaintiffs' Letter Motion for Sanctions

Dear Judge Liman:

Plaintiffs' letter motion for sanctions seeks the extraordinary relief of restricting Defendants' damages expert, Christopher Gerardi, from relying on a document because it was not produced during fact discovery. But it could not have been produced during fact discovery, because it did not exist. IDL0211552 was not a business record in existence during fact discovery – it was created at Mr. Gerardi's direction in preparation of his Supplemental Report to rebut criticism from Plaintiffs' damages expert. A review of how this dispute transpired shows that the disputed report (IDL0211552) and corresponding testimony was properly and timely disclosed in full compliance with Rule 26(a)(2)(B)(ii) (requiring disclosure of "the facts or data considered by the witness in forming them").

Plaintiffs' opening damages report failed to provide any apportionment tying the alleged trade secret misappropriation by Defendants to Plaintiffs' damages. Mr. Gerardi provided an apportionment analysis in his Rebuttal Report. One factor that supported apportioning down Plaintiffs' damages was the impact of Joy Mangano as the presenter of products on HSN. Mr. Gerardi opined:

> I understand that Joy Mangano is a well-recognized public figure and her name carries with it brand recognition that has value. I understand that the promotion of products by Defendant Mangano generates ████████████, and any profits attributable to these promotions by Defendant Mangano should be apportioned out. For the purpose of my apportionment calculation, I use a factor of ████████████ ████.

Ex. A (February 17, 2020 Rebuttal Expert Report of Christopher Gerardi) at ¶ 171. Mr. Gerardi supported this argument as follows:

> I understand that Joy's Today's Specials on HSN ████████████
> ████████████████████████████████████████
> ████████████████████ Discussions with Mr. Mark Smith.

*Id.* at p. 42, n. 254. Plaintiff's Reply Report responded to Mr. Gerardi's apportionment analysis in part as follows:

> 24. This paragraph represents the totality of Mr. Gerardi's justification of an apportionment step that removes ▮▮▮▮ from his calculation of Defendants' profits. His only source cited in support of this paragraph is a discussion with Mr. Smith, who apparently provided him with the ▮▮▮▮ estimate.
>
> 25. Mr. Gerardi has not provided sufficient basis for this apportionment. He has considered no produced data, cited no materials, and performed no analysis that would allow him to reliably conclude that Ms. Mangano's contribution was responsible for ▮▮▮▮ of the profits derived by the Aramid Fiber Luggage Products.

Ex. B (March 2, 2020 Reply Expert Report of Kevin McElroy) at ¶¶ 24-25 (footnotes omitted). Based on Plaintiff's comments, Mr. Gerardi requested a new report be generated setting forth all Today's Special data and asked for an identification of Today's Specials in which Joy Mangano was the presenter. The newly generated report in IDL0211552 was not withheld during fact discovery. It did not exist until a few months ago and only because Mr. Gerardi asked for it to be created.

Furthermore, the report is not a report showing the performance of specific presenters on HSN as Plaintiff claims. It was a report showing the performance of Today's Specials over time. HSN's 30(b)(6) testimony from Mark Smith cited in Plaintiffs letter motion does not support Plaintiff's position. The testimony concerns whether data tracking performance of HSN presenters exists, which Mr. Smith correctly confirmed did not exist. Plaintiffs' counsel asked whether there was specific data showing the performance of Ms. Mangano as a presenter. The correct answer was no. The document at issue here is data for Today's Specials. It is not for specific presenters. Mr. Gerardi used IDL0211552 to discern Joy Mangano's performance, but this required putting different data sources together and conducting further analysis. Mr. Gerardi used a separate source, Mark Smith from HSN, to identify Today's Specials where Joy Mangano was a presenter. He used this knowledge to compare the performance of Joy Mangano Today's Specials to Today's Specials in general and Luggage category Today's Specials. Ex. C (July 9, 2020 Supplemental Report of Christopher Gerardi) at ¶¶ 22-25. Mr. Gerardi's analysis further supported his Rebuttal Report's apportionment based on Joy Mangano's impact as a presenter—i.e., "that the promotion of products by Defendant Mangano generates ▮▮▮▮[1]

After Mr. Gerardi's Supplemental Report, Plaintiffs' expert issued a Supplemental Reply Report on July 23, 2020 that specifically addressed Mr. Gerardi's use of the Today's Specials data at issue in relation to the TuffTech luggage. Ex. D. (McElroy Supplemental Reply) at ¶¶ 7-17, Appendix B (listing IDL0211552 as an item Mr. McElroy considered). Exhibits 32 and 33 in the Supplemental Reply Report contain extensive analysis of this data. Even more, Plaintiffs still have the opportunity to depose Mr. Gerardi before expert discovery closes on September 11, 2020.

Plaintiffs also contend that the underlying data in IDL0211552 was responsive to Plaintiffs' Requests for Production, RFP Nos. 28-29, 32, 34-35, 37, 75-76, and should have been produced. For Plaintiffs' Request Nos. 28, 29, 75, and 76, Defendants objected based on the breadth of the requests given that they requested "[a]ll documents." For RFP Nos. 28 and 29 Defendants later agreed to produce documents located through a reasonably diligent search conducted in compliance with the parties ESI order. Dkt. No. 45. The parties agreed upon custodians and search terms and produced all of the relevant and responsive documents accordingly. For Plaintiffs' RFP Nos. 32, 34, 35, and 37, these

---

[1] In fact, this analysis showed that the 2X sales was conservative as different metrics showed more than a 2X impact.

requests sought "[d]ocuments sufficient to show," such things as the number of units sold, sales, revenue, expenses, and profits relating to the CloseDrier and TuffTech luggage, which Defendants have provided. This production also satisfied any non-objectionable portion of RFP Nos. 75 and 76. The data at issue here is Today's Special data for all Today's Specials that aired on HSN during a given timeframe. While it includes the sales data for Today's Specials in which the CloseDrier and TuffTech luggage were sold, that data has already been produced (a point that Plaintiffs do not contest) (e.g., IDL0211532)). The only new data in IDL0211552 is sales data for products not at issue here.

In addition to the lack of merit to this motion, preclusion is an extreme remedy and should not be applied here. *See Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir. 1988) (preclusion is an "extreme sanction"). "Before [granting] the extreme sanction of preclusion," the court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988). In order to determine whether preclusion or a lesser sanction is warranted, the court should consider (1) "the party's explanation for the failure to comply with discovery obligations; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the belatedly-revealed evidence; and (4) the possibility of a continuance." *See Kam Hing Enterprises, Inc. v. Wal–Mart Stores, Inc.,* 359 F. App'x 235, 237 (2d Cir.2010). Factor (1) is addressed above as IDL0211552 was timely disclosed, but factors (2) and (3) also support denial of Plaintiffs' motion. The only party that would be prejudiced by exclusion of IDL0211552 and Mr. Gerardi's corresponding opinions would be Defendants. Plaintiffs, who served reports opining they are entitled to more than ██████ in this action, seek to handcuff Defendants' responsive expert by striking a report and opinions specifically generated to rebut Plaintiffs' own expert's criticism. By contrast, Plaintiffs have not been prejudiced by any "late" production of IDL0211552 on July 9, 2020. Plaintiffs were provided the opportunity to review IDL0211552 and provide responsive expert testimony, which they did in Mr. McElroy's July 23, 2020 report and during Mr. McElroy's deposition. Likewise, Plaintiffs have the opportunity to depose Mr. Gerardi regarding IDL0211552 and his corresponding opinions before expert discovery closes on September 11, 2020.[2]

In light of the above, the documents should not be excluded. *See, e.g., City of Almaty Kazakhstan v. Ablyazov,* No. 1:15-cv-05345 (AJN)(KHP), 2019 WL 4126445 (S.D.N.Y. Aug. 30, 2019) (no prejudice where previously undisclosed witnesses and documents were disclosed during expert discovery); *Pearlman v. Cablevision Systems Corp.*, 2015 WL 8481879, at *13 (E.D.N.Y. Dec. 8, 2015) (finding defendant's violation of Rule 26(e) harmless where the document disclosure was made prior the expert's deposition); *Peters v. Molloy Coll. of Rockville Ctr.*, 2010 WL 3170528, at *5 (E.D.N.Y. Aug. 10, 2010) (preclusion is not appropriate when "the party entitled to the disclosure is not prejudiced" by the failure to disclose).[3]

---

[2] Plaintiffs request for written and testimonial discovery is completely unwarranted, but in an attempt to resolve this issue and move this case forward Defendants offered to provide Mr. Smith for additional 30(b)(6) testimony concerning the data in IDL0211552 and even offered to cover costs and attorney time for a limited remote deposition to remove any argument over prejudice. Plaintiffs rejection of this offer and decision to file the motion for sanction demonstrates Plaintiffs are more concerned with limiting Mr. Gerardi's apportionment testimony than finding a reasonable solution to their claimed prejudice. Defendants also offered to move back the damages experts' depositions until after the supplemental 30(b)(6) deposition. Plaintiff's rejected all efforts to compromise this issue.

[3] Plaintiffs' reliance on *Texas Instruments Inc. v. Powerchip Semiconductor Corp.*, 06-cv- 2305, 2007 WL 1541010, at *13-*14 (S.D.N.Y. May 24, 2007), notably the only case cited in Plaintiffs' motion, is misplaced. The sanctioned party in *Texas Instruments* was facing a motion for sanctions for the fourth time and had produced a document without giving the opposing expert the chance to respond. *Id.* The facts here are strikingly different, e.g., Plaintiffs expert already considered IDL0211552 and responded to Mr. Gerardi's corresponding testimony.

Respectfully submitted,

*[signature]*

Kevin W. Kirsch

cc:     Counsel of Record (via ECF)