# BakerHostetler

Baker&Hostetler LLP

312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

T 513.929.3400
F 513.929.0303
www.bakerlaw.com

Kevin W. Kirsch
direct dial: 513.929.3499
kkirsch@bakerlaw.com

September 10, 2020

**VIA ECF**
Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St.
New York, New York 10007

Re:   Town & Country Linen Corp., et al. v. Ingenious Designs LLC, et al.,
      Civil Action No. 18-cv-5075-LJL – Defendants' Opposition to Plaintiffs' Letter Motion for
      Exclude Christopher Gerardi's Amended Supplemental Report

Dear Judge Liman:

Plaintiffs' latest letter motion once again attempts to restrict Defendants' ability to defend itself in a case in which Plaintiffs' seek more than ▮▮▮ in damages. Plaintiffs' motion fails to acknowledge that the amendment submitted by Defendants' damages expert, Christopher Gerardi, consists of six double-spaced pages that simply identifies four additional costs incurred by Defendant IDL for the Aramid Fiber Luggage products—(1) Freight, (2) Duty, (3) Edison Nation Royalty, and (4) Overhead (e.g., warehousing)—and one additional cost incurred by Defendant IDL for the CloseDrier product—(1) Overhead.[1] The identification of the additional costs consists of four total paragraphs—see Ex. 1[2] at paragraphs 6-7 for the Aramid Fiber Luggage products and paragraphs 11-12 for the CloseDrier product. The remainder of the report and accompanying updated schedules applies the additional costs to Mr. Gerardi's previously disclosed damages models and methodologies. In other words, costs are identified and then Mr. Gerardi updates the math in his prior reports.

Moreover, Plaintiffs' motion fails to acknowledge that Mr. Gerardi learned of these omissions during the preparation for his deposition while reviewing his expert report and realizing that the numbers Mr. McElroy used erroneously relied on data that failed to account for the above costs. Mr. McElroy failed to account for these IDL costs when analyzing alleged damages based on IDL's sales to HSN for both products. Mr. Gerardi's inadvertent omission of Mr. McElroy's error was understandable given the inconsistency with which Mr. McElroy applied costs to determine IDL profits. For example, for the CloseDrier product Mr. McElroy deducted freight and duty costs but did not deduct similar IDL costs for the Aramid Fiber Luggage product. Mr. Gerardi recognized Mr. McElroy's error the day before his deposition (August 27th), disclosed this new knowledge at his deposition (August 28th), and then provided his Amended Supplemental Report within a week (September 3rd). As discussed below, Plaintiffs have ample time to review and question Mr. Gerardi on the four paragraphs that were disclosed on September 3rd.[3] Defendants have also agreed to allow Mr. McElroy

---

[1] The ▮▮▮ in costs identified by Mr. Gerardi, which were erroneously excluded from Mr. McElroy's models, led to a ▮▮▮ total reduction in IDL's applicable profits under Mr. Gerardi's damages models.
[2] All exhibits refer to exhibits attached to Plaintiffs' motion in Dkt. No. 190.
[3] To be clear, all documents relied on for the newly identified costs were produced during fact discovery. It does not appear that Plaintiffs' are challenging that this information is new or that Defendants' failed to produce it during discovery. Instead, Plaintiffs are challenging the timing of Defendants' expert's recognition that Plaintiffs' expert made

to issue a supplemental report to address these costs or to simply be permitted to testify at trial on such costs (without requiring a report). Instead, Plaintiffs elected to file this motion.

Even more, Plaintiffs' motion fails to acknowledge the status of expert discovery and the accommodations Defendants have already made in an attempt to resolve this dispute. The parties received the Court's order denying Plaintiffs' last letter motion (Dkt. No. 187) during Mr. Gerardi's deposition on August 28th. Defendants agreed to halt Mr. Gerardi's deposition to negotiate a procedure to comply with the Court's order as efficiently as possible—i.e., to schedule a 30(b)(6) deposition of HSN concerning the Today's Special data in IDL0211552 and to allow for Mr. Gerardi's continued deposition concerning the same data.[4] The parties agreed that Mr. Gerardi's deposition would be continued until the week of September 7th and would resume after HSN's deposition on IDL0211552. After Plaintiffs raised issues with the timeliness of Mr. Gerardi's Amended Supplemental Report, Defendants confirmed that they would permit Plaintiffs' counsel to question Mr. Gerardi during his already scheduled continued deposition on September 11th regarding the narrow information contained in his Amended Supplemental Report using as much additional time as they wanted. Once again, Plaintiffs refused to negotiate any extrajudicial resolution.

Preclusion of Mr. Gerardi's Amended Supplemental Report is an extreme remedy and should not be applied here. *See Outley v. City of N.Y.*, 837 F.2d 587, 591 (2d Cir. 1988) (preclusion is an "extreme sanction"). "Before [granting] the extreme sanction of preclusion," the court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988). In order to determine whether preclusion or a lesser sanction is warranted, the court should consider (1) "the party's explanation for the failure to comply with discovery obligations; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the belatedly-revealed evidence; and (4) the possibility of a continuance." *See Kam Hing Enterprises, Inc. v. Wal–Mart Stores, Inc.,* 359 F. App'x 235, 237 (2d Cir.2010).

With regard to the first factor, a discovery violation has not occurred. Mr. Gerardi notified opposing counsel within a day of learning of the omission of the cost deductions from IDL's profits in his (and Mr. McElroy's) report. Likewise, Mr. Gerardi amended his report to further disclose the costs and update his calculations within a week of learning of the omission. The timeliness of Mr. Gerardi's efforts to notify opposing counsel of the amendment and to disclose the amendment under Rule 26(e) cannot be questioned. The timeliness of Mr. Gerardi learning of the omission could be questioned, but the global events that have transpired between Mr. Gerardi's rebuttal report in February 2020 and his deposition in September 2020 explain the allegedly egregious six-month delay. If Mr. Gerardi's expert deposition had gone forward in March as originally planned before a global pandemic stopped expert discovery in this case, then Mr. Gerardi would have recognized Mr. McElroy's error a few weeks or a month after his rebuttal report during his deposition preparation in March 2020. Furthermore, this continued self-examination by an expert of his opinions and correction of reports if necessary is contemplated by the rules. *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 481-482 (S.D.N.Y. 2009) ("'[s]ection 26(a)(2)(B) does not limit an

---

errors when calculating IDL's profits. Furthermore, rather than having its expert correct such errors Plaintiffs seek to use a discovery motion to restrict Defendants ability to notify the jury of the errors.

[4] Prior to Plaintiffs' previous motion for sanctions (*see* Dkt. Nos. 178-180) Defendants offered to permit additional fact and expert deposition testimony from Defendants' witnesses on IDL0211552 and Mr. Gerardi's corresponding opinions. Plaintiffs refused to negotiate any type of compromise prior to the Court denying its motion. Much of the timing issues raised in Plaintiffs' current motion are due to Plaintiffs' serial use of discovery motions to try to gain an advantage in this case rather than trying to reach a compromise to effectively and efficiently bring discovery to a close.

expert's testimony simply to reading his report .... The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report'" and permitting an expert to add a "readily calculated result which has now been revealed more than thirty days before trial followed a complete disclosure of his methodology and factual basis" because the experts disclosure "hardly rises to the level of unacceptable sandbagging.") (*quoting Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir.2006)); *In re CIL Ltd.*, 2019 WL 1750909, at *18*-21 (Bankr. S.D.N.Y. 2019)(permitting an expert to supplement even after his deposition because it still accomplished Rule 26(e)'s goal of avoiding ambush at trial). Thus, even if Defendants are found to have violated an expert disclosure rule, the efforts taken to immediately disclose the amended information and the limited scope of the new information shows that any violation was minimal.

With regard to factors two and three, the only party that would be prejudiced by exclusion of Mr. Gerardi's Amended Supplemental Report would be Defendants. Plaintiff's motion seeks to limit Defendants' ability to defend against claims for more than [REDACTED] in damages while failing to acknowledge the accommodations offered by Defendants. Given the limited amount of new information in Mr. Gerardi's Amended Supplemental Report, the amount of time needed for Mr. McElroy to respond (and correct his errors) and for Plaintiffs' counsel to question Mr. Gerardi on the newly identified costs is very limited. Furthermore, Defendants offered to allow a supplemental report by Mr. McElroy or for Mr. McElroy to simply testify at trial without such a report on the issues in the Amended Supplemental Report, did not ask for Mr. McElroy to be deposed again and agreed that Mr. Gerardi could be deposed regarding the Amended Supplemental Report as long as TNC wanted at his already planned deposition on September 11th. All depositions in this case are being held remotely, which allows for depositions to be held quickly and efficiently without requiring travel by counsel or witnesses. *Pearlman v. Cablevision Systems Corp.*, 2015 WL 8481879, at *13 (E.D.N.Y. Dec. 8, 2015) (finding defendant's violation of Rule 26(e) harmless where the document disclosure was made prior to the expert's deposition); *Peters v. Molloy Coll. of Rockville Ctr.*, 2010 WL 3170528, at *5 (E.D.N.Y. Aug. 10, 2010) (preclusion is not appropriate when "the party entitled to the disclosure is not prejudiced" by the failure to disclose). Plaintiff's alleged prejudice is that costs would be properly deducted from Mr. McElroy and Mr. Gerardi's calculations. Plaintiffs do not want to correct the record with proper calculations and would rather boost their erroneous damages claim through this discovery motion.

With regard to factor four, a continuance of the expert discovery deadline is not necessary given the limited amount of new information at issue. Regardless, as detailed above, Defendants offered to allow Mr. McElroy to supplement his report to address Mr. Gerardi's Amended Supplemental Report after the current expert discovery cut-off or for Mr. McElroy to simply testify at trial without such a report on the issues in the Amended Supplemental Report (without being deposed again). Defendants also offered to allow additional time for Plaintiffs' counsel to question Mr. Gerardi on his Amended Supplemental Report at the end of his already scheduled deposition on September 11th. Defendants also offered to extend the expert discovery deadline if Plaintiff truly believed it was necessary. The current expert discovery cut-off is September 11, 2020, but the next case deadline is not until September 23, 2020. *See* Dkt. No. 172. It is simply hard to fathom that Plaintiff cannot address the Amended Supplemental Report during the September 11th deposition. Defendants are placing no time limit or even requirement of a supplemental report by Mr. McElroy. Certainly, any issues can be addressed prior to September 23, 2020, thus alleviating any prejudice whatsoever to Plaintiffs and obviating any need to continue subsequent case deadlines. All factors favor Defendants and favor denial of Plaintiffs' motion. Defendants remain willing to allow any reasonable accommodation including those already committed to above, which would clearly moot this motion.


Page 4

Respectfully submitted,

Kevin W. Kirsch

cc: Counsel of Record (via ECF)