UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
TOWN & COUNTRY LINEN CORP., et al.,                                  :
                                                                     :
                                    Plaintiffs,                      :
                                                                     :          18-cv-5075 (LJL)
            -v-                                                      :
                                                                     :          MEMORANDUM & ORDER
INGENIOUS DESIGNS LLC, et al.,                                       :
                                                                     :
                                    Defendants.                      :
                                                                     :
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/22/2020__

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move, pursuant to Fed. R. Civ. P. 26 and 37, for an order precluding Defendants from offering at trial opinions referenced in a supplemental expert report that was served after the deadline for expert reports and shortly before the close of expert discovery. Dkt. No. 190.

The underlying action alleges claims for patent infringement and trade secret or idea misappropriation. In support of that claim, Plaintiffs submitted an expert report setting forth their calculation of Defendants' profits from the allegedly infringing goods. Defendants responded with expert reports from their damages expert, Christopher Gerardi, setting forth the costs associated with the allegedly infringing goods that they argue should be deducted from Defendants' revenues when calculating their Defendants' profits.

Defendants served two expert reports by Mr. Gerardi corresponding with two of the different product categories in this case. One report was served in February 2020 in response to a plaintiff expert report served in January 2020; the other was served in July 2020 in response to two plaintiff supplemental expert reports served in March and June 2020. Mr. Gerardi was

deposed on August 28, 2020 in connection with both reports.

Mr. Gerardi testified that, during preparation for the deposition on August 27, 2020, he had identified additional costs incurred by Defendants that he had not previously taken into consideration. Those costs fell into several different categories. They added $4.3 million in new costs in total, reducing Defendants' alleged profits: with respect to the claim of trade secret or idea misappropriation for the Aramid Fiber Luggage from $4,758,000 to $3,675,000; with respect to the CloseDrier patent infringement claim from $203,628 to $191,045; and with respect to the CloseDrier trade secret misappropriation claim from $522,395 to $455,537. Mr. Gerardi ascribes the omission of the costs to inadvertent oversight; it is not disputed that he had available the information from which to include and calculate these costs at the time of his initial reports. It is also not disputed that he disclosed and testified to the revised calculations at his deposition. Mr. Gerardi provided an amendment to his supplemental expert report with these adjustments the week after his deposition on September 3, 2020. The instant motion and the opposition were filed on September 10, 2020; Mr. Gerardi's deposition was scheduled to be continued on September 11, 2020 and expert discovery closed that same day. A conference with the Court is already scheduled for September 25, 2020.

Plaintiffs argue that the amendment to the supplemental expert report is improper under Fed. R. Civ. P. 26(e) and that the appropriate remedy is preclusion. They stress that the amendment is based on information that Mr. Gerardi had available at the time of his initial reports, that it contains a new opinion regarding the amount and categories of costs that should be deducted, and that the opinions therefore should have been included in his initial reports. Dkt No. 190 at 1-2. They argue that preclusion is the appropriate remedy because there was no substantial justification for the late disclosure and that the disclosure of the new opinion only in

2

connection with the deposition and on the eve of the expert discovery cutoff does not give them

sufficient time to conduct a supplemental examination of Mr. Gerardi or for Plaintiffs' damages

expert to prepare a revised report.

Defendants respond with several arguments.  One is meritless, but the others have force.

They argue that had Mr. Gerardi's deposition gone forward as planned in March 2020 and not

been delayed by the global pandemic, he would have realized the omission and corrected it then.

But before the global pandemic, the expert discovery cut-off was March 2020.  *See* Dkt. No. 146

at 2.  Plaintiffs would have suffered the same prejudice.  Defendants, however, note several

efforts they have made to resolve the dispute and address any prejudice to Plaintiffs.  Mr.

Gerardi's deposition was continued until September 11, 2020 as the result of an intervening

court-ordered Rule 30(b)(6) deposition; Plaintiffs could have examined Mr. Gerardi on the new

opinions then.  Defendants also offered to make Mr. Gerardi available for a new deposition on

the four new paragraphs contained in his amended supplemental report and to relieve Defendants

of any obligation to prepare and serve a new expert report responding to Mr. Gerardi's opinions.

Plaintiffs' expert can respond to the opinions at trial without making any prior advanced

disclosure of his responses to those opinions.  Defendants note that all depositions have been

held remotely, which allows for depositions to be held quickly and efficiently without requiring

travel by counsel or witnesses, and they argue that the late disclosure does not justify the extreme

remedy of permitting the jury to make a decision based on erroneous information at trial.  Dkt

No. 193 at 1-4.

Federal Rule of Civil Procedure 26(e) creates a duty to supplement discovery disclosures

and responses "in a timely manner if the party learns that in some respect the disclosure or

response is incomplete or incorrect, and if the additional or corrective information has not

otherwise been made known to the other parties during the discovery process or in writing."

With respect to witnesses, the rule goes on to provide: "For an expert whose report must be

disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information

included in the report and to information given during the expert's deposition.  Any additions or

changes to this information must be disclosed by the time the party's pretrial disclosures under

Rule 26(a)(3) are due."[1]

Reading Rule 26(e) in conjunction with Rule 26(a)(2)(B), which requires the written

report to contain "a complete statement of all opinions the witness will express and the basis and

reasons for them" as well as "the facts or data considered by the witness in forming them," the

Court agrees that:

> It should be assumed that at the time an expert issues his report, that report reflects
> his full knowledge and complete opinions on the issues for which his opinion has
> been sought.  It is only if the expert subsequently learns of information that was
> previously unknown or unavailable, that renders information previously provided
> in an initial report inaccurate or misleading because it was incomplete that the duty
> to supplement arises.

*Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007);

*see also Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508,

510 (S.D.N.Y. 2019) ("The duty to supplement arises when the [party] subsequently learns of

information that was previously unknown or unavailable, and the new information renders the

earlier report incomplete or inaccurate.") (quoting *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690,

705 (W.D.N.Y. 2011)).

The Court turns to the appropriate remedy.  "Precluding testimony is a drastic and

disfavored measure." *Simo Holdings*, 354 F. Supp. 3d at 510.  "[T]he prejudice here is slight."

---

[1] Rule 26(a)(3)(B) requires pretrial disclosures to be made at least 30 days before trial unless the
court orders otherwise.  No trial date has been set in this case.

*Id.*  Although expert discovery now has closed, any prejudice to Plaintiffs can be addressed by (1) granting them a short continuance and permitting them to use that continuance to take Mr. Gerardi's deposition on the new information in the supplemental expert reports, (2) relieving Plaintiffs' expert of the requirement to prepare an expert report responding to Mr. Gerardi's supplemental report and permitting him to respond to the new opinions at trial without the need for such report, and (3) ordering Defendants to pay the reasonable expenses of Mr. Gerardi's continued deposition.  *See* Fed. R. Civ. P. 37(c)(1)(A).  "The Court is confident that these measures are sufficient to render defendants' actions substantially harmless." *Simo Holdings*, 354 F. Supp. 3d at 511.

Accordingly, the Court hereby ORDERS the following relief: (1) discovery is extended to October 2, 2020, solely for the purposes of Plaintiffs taking Mr. Gerardi's continued deposition limited to the new information in his supplemental report; (2) Defendants shall make Mr. Gerardi available for deposition on a date and at a time reasonably requested by Plaintiffs; (3) Defendants shall pay the reasonable expenses, including the fees incurred by one attorney, for two hours in the taking (but not preparation) of the deposition; and (4) Plaintiffs may offer testimony from their expert at trial responding to Mr. Gerardi's new opinions without disclosing such responses in a new expert report.

The conference previously scheduled for September 25, 2020 is ADJOURNED to October 19, 2020 at 11:30 a.m.

The Clerk of Court is respectfully directed to close Dkt. No. 190.

SO ORDERED.

Dated: September 22, 2020
      New York, New York
                                              LEWIS J. LIMAN
                                    United States District Judge