```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
TOWN & COUNTRY LINEN CORP. and TOWN &                            :
COUNTRY HOLDINGS, INC.,                                          :
                                                                 :
                              Plaintiffs,                        :       18-cv-5075 (LJL)
                                                                 :
        -v-                                                      :            ORDER
                                                                 :
INGENIOUS DESIGNS LLC, JOY MANGANO, and                          :
HSN, INC.,                                                       :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

This case is scheduled to proceed as a bench trial on August 1, 2022. The Joint Pretrial Order is due on July 11, 2022. The Court has pending before it the parties' various *Daubert* motions on which it heard oral argument on June 9, 2022.

In the interests of allowing the parties to prepare efficiently for the upcoming trial, the Court writes briefly to outline its likely views as to the *Daubert* motions, the opinion for which it expects to issue shortly and which will set forth with greater precision the Court's rulings the areas of testimony that will be excluded.

First, both parties' experts will be precluded from offering at trial opinions and testimony that simply state the experts' understandings of the law and the parties' factual narratives. The case is being tried to the bench; such testimony will not be helpful. Additionally, testimony that clearly relates only to issues that are no longer in the case after the Court's summary judgment ruling—such as testimony relating to whether the fabric Defendants utilized was substantially similar to Plaintiffs' Luggage Idea (d)—will be excluded as no longer relevant to any issue in the case.

Second, the Court is likely to exclude expert testimony based on the claim that Defendants should receive on their claim for breach of the MNDA lost royalties or lost sales on a hypothetical transaction or potential transaction into which the parties did not enter. Thus, Plaintiffs will be limited on their breach of contract claim to recovering the damages that would naturally and probably flow from the unauthorized use and disclosure of the information—the decrease in value of the information as a result of its use and disclosure.

Third, with regard to Plaintiffs' federal trade secret claim, Plaintiffs' expert will be permitted to offer expert testimony on the theory of trade secret damages under federal law—the Defend Trade Secrets Act stated in his report, i.e., that federal law permits damages for actual loss and damages for unjust enrichment or damages in the form of a reasonable royalty. 18 U.S.C. § 1836(b)(3)(B). Defendants' arguments as to whether his measure of damages fails to

apportion those profits between the three asserted factory trade secrets—only one of which remains in the case—and between the protectable trade secret itself and other unprotected elements of the products sold which may have driven up Defendants' profits will not be addressed by the Court pretrial.  Those can be addressed through a renewed *Daubert* motion at trial.

Fourth, with regard to Plaintiffs' New York common law claims for trade secret misappropriation and idea misappropriation, the Court will receive expert testimony on the theory that Plaintiff is entitled to damages calculated using a defendant's profits, but only the extent that those reasonably approximate the plaintiff's losses.  *E.J. Brooks Co. v. Cambridge Security Seals*, 105 N.E.3d 301, 308–09 (N.Y. 2018).  The Court will not receive damages opinions based on the theory that Plaintiff is entitled to damages measured by unjust enrichment for the misappropriation of Factory Trade Secret 2 under New York common law because do not "fit" the facts of the case and are not admissible under Federal Rule of Evidence 702.  The expert will be permitted to testify with regard to Plaintiffs' idea misappropriation claim that damages are available in the form of a reasonable royalty.

Finally, with regard to Plaintiffs' patent infringement claim, Plaintiffs' expert will not be permitted to testify to damages on a theory of lost profits.

SO ORDERED.

Dated: July 8, 2022
      New York, New York

                                         LEWIS J. LIMAN
                                   United States District Judge